■ In the Matter of the Claim of FLORENCE CARPENTER, Respondent-Appellant, against VILLAGE OF PORT HENRY et al., Appellants-Respondents, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board which disallowed her claim for death benefits. The employer and its insurance carrier appeal from that portion of the decision which discharged the Special Fund for Reopened Cases and made the award of disability benefits payable by them. The claimant's husband while working on March 2, 1949 suffered a left inguinal hernia. An operation was performed and he was awarded compensation for disability from March 3 to May 9, 1949. On September 2, 1949 the case was closed. After this from time to

time the decedent suffered a recurrence of the hernia but it was always reduced. On October 29, 1953 the decedent returned home, after having worked for a short time, suffering severe pain from a recurrence of the hernia. This time the effort to reduce it was unsuccessful. He was taken to the hospital where Dr. Cummings performed an operation on what he diagnosed as a strangulated hernia. The decedent recovered nicely for two days and he was then taken with severe pains in his abdomen. He died on November 2, 1953 and an autopsy of the stomach showed that the cause of death was a perforated stomach ulcer. The widow filed a claim for death benefits and after the hearing the Referee disallowed the claim finding no causal relationship between the decedent's accident, his work or the hernia operation and his death. On review the board was presented with a further report from Dr. Cummings and it sent the case back for further medical evidence. After more hearings the Referee again disallowed the death claim but made an award for disability from October 29 to November 2, 1953 payable by the carrier. The board affirmed with one member dissenting on the ground that the medical evidence warranted a finding of causal relationship between the operation and the perforation of the ulcer. The claimant-appellant maintains that there is no substantial evidence to support the finding of no causal relationship in that the opinions of the doctors whose testimony supports this conclusion were based on mistaken facts. The employer and its carrier argue that the board's finding of no causal relationship is supported by substantial evidence and further that the Special Fund was improperly discharged in that the disability case had not been reopened within seven years. Drs. Cummings and Galvin who attended and treated the decedent testified that there was a causal relation between the hernia operation and the decedent's death. Dr. Wright, an expert in pathology, and Dr. Donhauser, a general surgeon, testified after reviewing the files, including Dr. Cummings' findings, that the ulcer had ruptured on October 29 and there was therefore no connection between the operation and the decedent's death. Dr. Weeden, a board doctor, submitted a report supporting the latter conclusion. The claimant's contention that those doctors who testified against causal relationship based their opinions on erroneous facts does not seem to be supported by the record. It is evident that Drs. Wright and Donhauser were aware of all the findings of Dr. Cummings for at the later hearings they were even shown the report of Dr. Cummings in which he took strong issue with the report of Dr. Wright. The essence of the claimant's argument seems to be that the opinions of the attending physicians are of greater probative value than the opinions of doctors who had not examined the decedent. This, however, goes merely to the weight to be given the testimony. We now consider the question of the discharge of the Special Fund for Reopened Cases. The carrier argues that the case was not reopened in seven years. At the first hearing held on December 29, 1953 the question of the March, 1949 accident was brought up and the Referee instructed the department to reopen the case and place it on the calendar with the death case. However, the number of the 1949 case does not appear in the minutes of any of the subsequent hearings and it appears to have been next mentioned by the Referee in his decision on June 5, 1956 in which he made the disability award. In its memorandum of decision the board said that although there had been no formal reopening, nevertheless there have been board proceedings since 1953. In the formal findings it is stated that the claim was reopened within seven years and the order of the Referee at the 1953 hearing was mentioned. It would seem that the order of the Referee in 1953 that the case be reopened was sufficient on this record, even though there was no formal

reopening. However, under subdivision 1 of section 25-a of the Workmen's Compensation Law the Special Fund cannot be held for an award for a period beyond the two years directly preceding the application for compensation. If the date of the Referee's decision in June, 1956 is considered to be the reopening, then obviously the award for disability in 1953 is beyond this period and the carrier must pay it (*Matter of Stimburis* v. *Leviton Mfg. Co.*, 5 A D 2d 209). Thus whether the claim was reopened in 1953 or 1956 the Special Fund was properly discharged. Decision denying claimant death benefits affirmed, without costs; decision discharging Special Fund for Reopened Cases affirmed, with costs to it against the employer and State Insurance Fund on the cross appeal. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.